Hyman, C. J.
In this case the plaintiff sued out a writ of attachment, and procured the attachment of some of defendant’s property.
*137 The grounds alleged to obtain the writ was that defendant was indebted to plaintiff, and was a resident of the State of Mississippi.
The defendant moved to have dissolved the writ of attachment, and asked judgment against plaintiff for the damages caused to him by the illegal attachment of his property.
The District Judge set aside the attachment, but refused judgment in favor of defendant for damages.
From the judgment of the District Judge, the plaintiff lias appealed.
One of the grounds of defendant’s motion to have dissolved the attachment was, that he resided in the State of Louisiana.
The evidence proves that defendant was living in New Orleans at the time this suit was instituted, and had been living in said city for.more than two years previous thereto; but plaintiff contends that as he was a surgeon in the United States army, the mere fact of his residing in the State did not show his intention to change his former residence, which was in another State. This may be true, but there is evidence that his connection with the army had ceased ten months previous to the bringing of this suit.
We consider that defendant’s residing in the State for ten months destroyed the right of his creditor to attach his property, as that of a debtor residing out of the State.
A residence of a year in this State is not required to protect a defendant’s property from attachment, under the second paragraph of the 210th Article of the Code of Practice.
The defendant has neglected to answer the appeal, and therefore it is needless to examine whether the judgment of the lower Court be correct on the claim for damages. C. P. 888 and 890.
Judgment of the District Court is affirmed.